UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDREW PRATT,

                      Plaintiff,

    - against -                                03-CV-1115

COUNTY OF SARATOGA, JAMES D. BOWEN and
KEVIN P. MULLAHEY,

                      Defendants.
_____

**APPEARANCES**                                        **OF COUNSEL:**

Andrew Pratt
*Plaintiff Pro Se*
#01A6278
Franklin Correctional Facility
62 Bare Hill Road
P.O. Box 10
Malone, New York 12953

RUFFO TABORA MAINELLO & MCKAY, P.C.    John F. McKay, III, Esq.
*Counsel for Defendants*
3000 Marcus Avenue, Suite 1W10
Lake Success, New York 11042

NORMAN A. MORDUE, United States District Judge

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

    Presently pending is defendants' motion to dismiss plaintiff's complaint alleging violations of the Equal Protection Clause under 42 U.S.C. § 1983 for failure to state a claim.

### II.    BACKGROUND

    Plaintiff is an inmate at Franklin Correctional Facility in Malone, New York. His complaint alleges that in December 2002, he filed two formal complaints with the Saratoga County Sheriff's Department against an unnamed third party whom he alleged had forged his

signature on a check made payable to him and on an automobile title.  Plaintiff alleges that defendant Sheriff Bowen assigned an investigator, defendant Mullahey, to his complaints.  Plaintiff asserts that defendant Mullahey sent him a letter in January 2003, stating that he had concluded his investigation and determined that no criminal charges would be filed against the subject of these complaints.  Plaintiff contends that a "blind man" could see that the signature on the documents in question was not his and that defendants clearly erred in concluding that no criminal charges were warranted.  Plaintiff asserts three claims for violation of his federal right of Equal Protection.  First, plaintiff contends that defendant Bowen violated his rights by failing to ensure a "thorough investigation" was performed regarding his complaints.  Second, plaintiff asserts defendant Mullahey is liable for conducting an allegedly insufficient investigation.  Finally, plaintiff avers that the County of Saratoga is liable under 42 U.S.C. § 1983 for failing to "monitor [its] employees."  Defendants move to dismiss plaintiff's claims on the ground plaintiff has failed to state viable legal claims against them.

**III.    DISCUSSION**

A.    <u>Applicable Standard of Review</u>

The standards applicable to motions to dismiss are well-settled.  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept the allegations of the complaint as true, and draw all reasonable inferences in favor of the nonmoving party.  *See Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir. 1998); *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir. 1995).  In addition, the Court may not dismiss the complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nettis v. Levitt,* 241 F.3d 186, 191 (2d Cir. 2001) (quotation omitted).

Therefore, the issue before the Court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)).

B.    Plaintiff's Equal Protection Claims

To assert a claim for violation of rights secured by the Equal Protection Clause of the United States Constitution, a plaintiff must assert: 1) that he or she, compared with others similarly situated, was selectively treated; and 2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights or malicious bad faith intent to injure a person. *See Giordano v. City of New York*, 274 F.3d 740, 751 (2d Cir. 2001) (citations omitted). Plaintiff asserts neither of these necessary elements in his complaint. Notably, plaintiff does not allege that in purportedly failing to investigate properly his claim of criminal conduct on the part of an unnamed third party, defendants treated him any differently than anyone else similarly situated. Moreover, plaintiff fails to allege the critical additional factor that any action or inaction on the part of defendants was motivated in whole or part by some improper consideration such as race, religion or intent to injure. Accordingly, plaintiff has failed to state any claim for violation of his Equal Protection Rights under 42 U.S.C. § 1983. Based thereupon, the Court need not address the additional grounds for dismissal raised by defendants in their moving papers.

IV.    CONCLUSION

Based on the foregoing, defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action is hereby GRANTED; and it is further

ORDERED that the complaint is hereby dismissed in its entirety.

IT IS SO ORDERED.

Dated: November 2, 2005
      Syracuse, New York

Norman A. Mordue
U.S. District Judge